John C. Taylor, State Bar No. 78389
Neil K. Gehlawat, State Bar No. 289388
**TAYLOR & RING, LLP**
1230 Rosecrans Avenue, Suite 360
Manhattan Beach, California 90266

Telephone: (310) 209-4100
Facsimile: (310) 208-5052

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY COSTER, individually and as successor-in-interest to Joseph Parker Hinton; JOHN HINTON, an individual,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>CITY OF BREA, a public entity; DOES 1-20, inclusive,<br><br>　　　　　　　Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES**<br>　1.  Fourth Amendment – Excessive Force (42 U.S.C. § 1983)<br>　2.  Fourteenth Amendment – Substantive Due Process (42 U.S.C. § 1983)<br>　3.  Municipal Liability (42 U.S.C. § 1983)<br>　4.  Battery (Wrongful Death and Survival Action)<br>　5.  Violation of Bane Act (Cal. Civil Code § 52.1)<br>　6.  Negligence (Wrongful Death and Survival Action)<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

1.　Plaintiffs Kimberly Coster and John Hinton (all together, "Plaintiffs"), for their Complaint against Defendants City of Brea and Does 1-20, inclusive, allege as follows:

## JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States, including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. The Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) because (1) a substantial part of the events or omissions giving rise to the claim occurred in this judicial district; and (2) Defendants reside within this judicial district.

## PARTIES

4. Plaintiff Kimberly Coster is the biological mother of Joseph Parker Hinton ("Decedent"). At all relevant times, Ms. Coster is and was a resident of Boise, Idaho. She brings these claims individually and as successor-in-interest to Decedent. Her successor-in-interest declaration pursuant to CCP section 377.32 is attached hereto as "Exhibit A."

5. Plaintiff John Hinton is the biological father of Decedent. At all relevant times, Mr. Hinton is and was a resident of Boise, Idaho.

6. At all relevant times, Defendant City of Brea ("City") is and was a municipal corporation existing under the laws of the State of California with the capacity to be sued. The City is a chartered subdivision of the State of California with the capacity to be sued. The City is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Brea Police Department and its agents and employees. The City was responsible for ensuring that the actions, omissions, policies, procedures, practices, and customs of its employees and agents complied with the laws of the United States and the State of California. At all relevant times, City was the employer of Does 1-20. City is vicariously liable for the acts and omissions of Does 1-20, pursuant to California Government Code § 815.2.

7. Does 1-20 are sworn police officers employed by City, who were involved in the killing of Decedent. The names of Does 1-20 are unknown to Plaintiffs at this time, who therefore sue such officers by fictitious names. Plaintiffs will amend their Complaint to show the true names and capacities of Does 1-20 when they have been ascertained. At all relevant times, Does 1-20 were acting under color of law and within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, City.

8. At all relevant times, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant.

9. On July 13, 2020, Plaintiffs filed a claim for damages with City pursuant to applicable sections of the California Government Code. Plaintiffs' claims have been rejected by operation of law.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

10. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

11. On February 25, 2020, officers from the Brea Police Department responded to a call at Carbon Canyon Regional Park.

12. When the officers arrived on scene, they made contact with Decedent, who suffered from mental illness.

13. Decedent did not pose an immediate threat of death or serious bodily injury to any of the officers surrounding him. Despite this, officers from the Brea Police Department fired their guns at Decedent and killed him.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment – Excessive Force (42 U.S.C. § 1983)

(Against Does 1-20)

14. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

15. Does 1-20 used excessive and unreasonable force against Decedent when they shot and killed him. This conduct deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

16. As a result of the foregoing, Decedent lost his life. Up until the time of his death, he experienced physical pain and emotional distress.

17. The conduct of Does 1-20 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent, and therefore warrants the imposition of punitive damages.

18. Does 1-20 are liable for Decedent's injuries and death, either because they engaged in the above conduct, because they were integral participants in the above conduct, or because they failed to intervene to prevent the above conduct.

19. Plaintiffs bring this claim in their individual and representative capacities and seek both survival and wrongful death damages. Plaintiffs also seek attorney fees.

## SECOND CLAIM FOR RELIEF

**Fourteenth Amendment – Substantive Due Process (42 U.S.C. § 1983)**

(Against Does 1-20)

20. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

21. Plaintiffs each had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that would deprive them of life, liberty, or property in such a manner as to shock the conscience, including state actions that interfere with Plaintiffs' familial relationship with their loved one and family member, Decedent.

22. Decedent also had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience.

23. The aforementioned actions of Does 1-20, along with undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Decedent and Plaintiffs or with purpose to harm unrelated to any legitimate law enforcement objective.

24. As a result of Does 1-20's conduct, Decedent lost his life and Plaintiffs were harmed.

25. The conduct of Does 1-20 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent, and therefore warrants the imposition of punitive damages.

26. Plaintiffs bring this claim in their individual and representative capacities and seek both survival and wrongful death damages. Plaintiffs also seek attorney fees.

## THIRD CLAIM FOR RELIEF

### Municipal Liability (42 U.S.C. § 1983)

(Against City)

27. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

28. Does 1-20 acted under color of law.

29. The acts of Does 1-20 deprived Decedent and Plaintiffs of their particular rights under the United States Constitution, as described above.

30. Upon information and belief, the City has determined or will determine that the conduct of Does 1-20 was within policy. To Plaintiffs' knowledge, none of Does 1-20 have been disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the incident. On information and belief, a final policymaker for the City has ratified or will ratify the conduct of Does 1-20 and the bases for it.

31. Plaintiffs further allege that the training policies of the City were not adequate to train law enforcement officers to handle the usual and recurring situations with which they must deal. Specifically, as evidenced by this incident, the City did not adequately train its officers with respect to the use of deadly force and dealing with mentally unfit

individuals. Also, as evidenced by this incident, the City did not adequately train its officers to intervene when other officers are observed to be acting unreasonably or using excessive force. Plaintiffs allege that the City was deliberately indifferent to the obvious consequences of its failure to train its police officers adequately. The failure of the City to provide adequate training caused the deprivation of the Decedent's and Plaintiffs' rights.

32. Upon information and belief, Plaintiffs further allege that the City maintained unconstitutional customs, practices, and/or policies, including inter alia with respect to the use of deadly force. Defendant City, including its relevant officials, whether named or unnamed, had actual or constructive knowledge of these deficient policies, practices, and customs, as evidenced by prior officer-involved shootings in the City of Brea.

33. Based on the above, Plaintiffs contend that the City is directly liable under 42 U.S.C. § 1983 and *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978).

34. Plaintiffs bring this claim in their individual and representative capacities and seek both survival and wrongful death damages. Plaintiffs also seek attorney fees.

## **FOURTH CLAIM FOR RELIEF**

**Battery – Wrongful Death and Survival Action (California Common Law)**

(Against All Defendants)

35. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

36. Does 1-20, while working as city police officers, and acting within the course and scope of their duties, used unreasonable and excessive force against Decedent. As a result of the actions of Does 1-20, Decedent experienced pain and suffering and ultimately died.

37. The City is vicariously liable for the wrongful acts of Does 1-20 pursuant to section 815.2(a) of the California Government Code.

38. The conduct of Does 1-20 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent, entitling Plaintiffs to an award of punitive damages.

39. Plaintiffs bring this claim in their individual and representative capacities and seeks both survival and wrongful death damages.

## FIFTH CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civil Code § 52.1)

(Against All Defendants)

40. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

41. Does 1-20, while acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against Decedent, including using unreasonable and excessive force or by integrally participating and failing to intervene in the above acts.

42. When Does 1-20 shot Decedent, they interfered with his civil rights, including without limitation his right to be free from unreasonable seizures, to due process, and to life, liberty, and property.

43. Does 1-20 successfully interfered with the above civil rights of Decedent.

44. The conduct of Does 1-20 caused Decedent's death.

45. The City is vicariously liable for the wrongful acts of Does 1-20 pursuant to section 815.2(a) of the California Government Code.

46. The conduct of Does 1-20 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent, entitling Plaintiffs to an award of punitive damages.

47. Plaintiffs bring this claim in their individual and representative capacities and seek survival damages, wrongful death damages, statutory damages, and attorney fees.

## SIXTH CLAIM FOR RELIEF

### Negligence – Wrongful Death and Survival Action (California Common Law)

(Against All Defendants)

48. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

49. The actions and inactions of Does 1-20 described above – together with undiscovered conduct – were negligent and reckless.

50. The following conduct, without limitation, fell below the standard of care:

    a. The negligent tactics preceding and during the encounter with Decedent;

    b. The failure to properly and adequately assess Decedent's mental health condition; and

    c. The negligent use of deadly force against Decedent.

51. As a direct and proximate result of the conduct of Does 1-20 as alleged above, together with other undiscovered conduct, Decedent experienced pain and suffering and lost his life.

52. Defendant City is vicariously liable for the wrongful acts of Does 1-20 pursuant to section 815.2(a) of the California Government Code.

53. Plaintiffs bring this claim in their individual and representative capacities and seek survival damages and wrongful death damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants as follows:

    A. For wrongful death damages, in an amount to be proven at trial;

    B. For survival damages, in an amount to be proven at trial;

    C. For punitive damages against the individual defendants in an amount to be proven at trial;

1      D.    For statutory damages pursuant to Cal. Civil Code § 52.1 in an amount to be proven at trial;

2      E.    For interest;

3      F.    For reasonable costs of this suit and attorneys' fees; and

4      G.    For such further other relief as the Court may deem just, proper, and appropriate.

Dated: September 17, 2020        TAYLOR & RING

By:  */s/* Neil K. Gehlawat
     John C. Taylor
     Neil K. Gehlawat
     Attorneys for Plaintiffs

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

Dated: September 17, 2020  TAYLOR & RING

By: /s/ Neil K. Gehlawat
 John C. Taylor
 Neil K. Gehlawat
 Attorneys for Plaintiffs